UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CIV-60743-RAR

**DEKITA BELLAMY O/B/O A.L.M.**,

    Plaintiff,

v.

**KILOLO KIJAKAZI,**
**Commissioner of Social Security**,

    Defendant.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Jared M. Strauss's Report and Recommendation [ECF No. 25] ("Report"), entered on July 15, 2022. The Report recommends that the Court deny Plaintiff's Motion for Summary Judgment [ECF No. 19] ("Plaintiff's Motion") and grant Defendant's Motion for Summary Judgment [ECF No. 22] ("Defendant's Motion"). Report at 1. Plaintiff filed objections to the Report on July 21, 2022. [ECF No. 26] ("Objections").

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*. FED. R. CIV. P. 72(b)(3). Because Plaintiff timely filed objections to the Report, the Court has conducted a *de novo* review of Magistrate Judge Jared M. Strauss's legal and factual findings.

Plaintiff's primary objection centers around the opinion of Dr. Gordon. Plaintiff takes issue with some of Dr. Gordon's observations, including the notion that Claimant was malingering to make herself appear less capable. Objections at 3. Plaintiff also argues that the Administrative Law Judge ("ALJ") did not properly evaluate the supportability and consistency of

Dr. Gordon's opinion with other medical opinions. *Id*. at 2–3. Plaintiff contends that *if* Dr. Gordon's report had been evaluated in the proper context,[1] certain limitations of Claimant would have been found to be extreme, resulting in a finding of disability. *Id*. at 3–4. However, "we may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." *Mitchell v. Comm'r, Soc. Sec. Admin*., 771 F.3d 780, 782 (11th Cir. 2014) (citing *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011)). Plaintiff's Objections would require the Court to reconsider certain factual determinations and reweigh the evidence. That the Court cannot do.

Having carefully reviewed Plaintiff's Motion, Defendant's Motion, the Responses [ECF Nos. 23, 24], the Report, the Objections, the factual record, the applicable law, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 25] is **AFFIRMED AND ADOPTED**.

2. Plaintiff's Motion for Summary Judgment [ECF No. 19] is **DENIED.**

3. Defendant's Motion for Summary Judgment [ECF No. 22] is **GRANTED.**

4. Final judgment will be entered via separate order pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Ft. Lauderdale, Florida, this 28th day of July, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] Based on Plaintiff's description (while not wholly clear), the Court gathers that Plaintiff is implying Dr. Gordon's opinion should have been given greater weight by the ALJ.